IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:21-cv-00156-M

HAMPTON PETERMAN,

    Plaintiff,

v.                                                                                      ORDER

RAMOD BREWERS, LLC, AARON
AVERY, and MATTHEW ROUSE,

    Defendants.

This matter comes before the court on Defendants' Motion for Relief from Judgment. [DE 53]. Defendants move pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to set aside the Memorandum and Recommendation [DE 48], Default Judgment [DE 49], and Judgment [DE 50] entered in this case after Defendants failed to respond to a number of court orders and discovery requests. For the following reasons, the motion is denied.

## I.    Background

The parties in this case are former business partners who are now embroiled in a dispute over the scope and use of their brewing company's trademark. *See* Compl. [DE 1] at ¶ 9 –10, 22; Ans. [DE 19] at ¶ 9–10, 22. Plaintiff, to whom the trademark is now registered, brought claims for trademark infringement, unfair and deceptive trade practices, and breach of contract, arguing that Defendants continued to use the trademark in the marketing, production, and sale of goods without Plaintiff's consent. Compl. [DE 1] at 7–10. Defendants denied liability and filed ten counterclaims largely predicated on manner in which Plaintiff exercised control over the brewing company and its assets prior to his separation from the LLC. Ans. [DE 19] at 11–18. [DE 21];

[DE 27]. The parties filed cross-motions for dismissal, and after careful consideration, on March 8, 2023, the court dismissed Defendants' counterclaims and defenses. *See* [DE 34]. Plaintiff's claims were permitted to proceed to discovery. *See* [DE 33].

On March 22, 2023, the court entered a scheduling order that required the parties to exchange initial disclosures by April 21, 2023. [DE 36] at ¶ 2. On May 10, 2023, Plaintiff filed a Motion to Compel, arguing that Defendants' counsel, Josiah Corrigan, failed to provide initial disclosures and had ceased responding to Plaintiff's counsel entirely. [DE 39]. Defendants did not respond to the motion, and on July 6, 2023, the court granted the motion and ordered Defendants to serve their initial disclosures by July 14, 2023. [DE 41]. Again, Defendants did comply.

With no response forthcoming, Plaintiff moved for default judgment. [DE 42]. The motion was referred to Magistrate Judge Robert T. Numbers, II, and on October 31, 2023, Judge Numbers issued a Memorandum and Recommendation ("M&R"), opining that "Defendants' refusal to partake in discovery and failure to comply with court orders warrants serious penalties." [DE 48] at 21. Accordingly, he recommended that Plaintiff's Motion for Default Judgment be granted and that Plaintiff be awarded damages in the amount of $162,479.25 and attorney's fees in the amount of $49,213.00. *Id.* at 21–22. Judge Numbers informed the parties that they could file written objections to the M&R within fourteen days of service. *Id.* at 22. Neither party did so. On January 5, 2024, the court adopted the findings and conclusions contained in the M&R as its own and consequently entered default judgment against Defendants and awarded Plaintiff damages and attorney's fees in the recommended amount. [DE 49] at 2.

On September 27, 2024, through new counsel, Defendants moved pursuant to Rule 60(b)(1) for relief from judgment. [DE 53]. They claimed that they had repeatedly reached out to

2

Mr. Corrigan regarding the status of their case and that he would respond by stating that "nothing has happened" or "I haven't received anything on your case, guys[,]" or "I'll look into this[.]" Rouse Aff. [DE 52-5] at ¶ 15; Avery Aff. [DE 52-6] at ¶ 15. Though this inaction ultimately resulted in default judgment, Defendants argued that it stemmed from Mr. Corrigan's excusable neglect, namely that after Mr. Corrigan's law firm switched email service providers in January 2023, all electronic notifications from the court's Case Management/Electronic Case Filing ("CM/ECF") system were screened by his email's spam filter. [DE 52] at 2, 4. Accordingly, Mr. Corrigan claimed that "had no indication that [he] was not receiving email notifications from the [c]ourt in this case or any other case" until his clients notified him of the default judgment in April 2024. [DE 52-4] at ¶ 7. This, Defendants argued, warrants relief from judgment.

In response, Plaintiff contends that Defendants' motion is untimely, and that in any event, Mr. Corrigan's neglect was inexcusable. [DE 56] at 2–4. Plaintiff provides numerous communications made between Mr. Corrigan and Plaintiff's counsel, Jordan M. Spanner, concerning court filings issued after January 2023. *See* [DE 56-2, 56-3, 56-4, 56-5, 56-6, 56-7, 56-8, 56-9, 56-10]. Because Mr. Corrigan acknowledged these orders by email and later consented to the submission of two joint filings, Plaintiff argues that he should have been aware that he was not receiving CM/ECF notifications, thus rendering his neglect inexcusable. [DE 56] at 22.

In their reply, Defendants claim to have been unaware of Mr. Corrigan's communications. [DE 57] at 2. They now argue that they "were constructively and effectively abandoned by their attorney, with no way of knowing about the record created before Judge Numbers at the time of his recommendation." *Id.* at 5. Given these circumstances, Defendants believe that "Rule 60(b)(6) is the more appropriate basis" for their motion and that Mr. Corrigan's "gross negligence" constitutes a cognizable basis for relief under Rule 60(b). *Id.* at 6.

## II.    Legal Standards

Rule 60(b) authorizes courts to "relieve a party or its legal representative from a final judgment, order, or proceeding" for several enumerated reasons. Fed. R. Civ. P. 60(b). These reasons include "mistake, inadvertence, surprise, or excusable neglect, [or] . . . any other reason that justifies relief." Rule 60(b)(1), (6). Motions under Rule 60(b) must be made within a reasonable time. Rule 60(c)(1). "But for some, including motions under Rule 60(b)(1), that 'reasonable time' may not exceed one year." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (citing Rule 60(c)(1)). Motions brought under Rule 60(b)(6) are not subject to this one-year limitation. *See* Rule 60(c)(1).

"The consideration of motions under Rule 60(b) proceeds in two stages." *Nat's Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). First, a moving party must meet three threshold criteria by showing that (1) "his motion is timely"; (2) "he has a meritorious defense to the action"; and (3) "the opposing party would not be unfairly prejudiced by having the judgment set aside." *Park Corp. v. Lexington Ins. Co.* 812 F.2d 894, 896 (4th Cir. 1987). "If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from judgment." *Id.* In evaluating whether a movant has satisfied one of these grounds, Rule 60(b) is "to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). As such, the Fourth Circuit has instructed that "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.* Still, the disposition of a Rule 60(b) motion "is a matter which lies largely within the discretion of the trial judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *see also Aikens v. Ingram*, 652 F.3d

4

496, 501 (4th Cir. 2011) ("We review the district court's ruling on a 60(b) motion for abuse of discretion[.]").

## III. Discussion

Defendants are not eligible for relief under Rule 60(b)(1) because even assuming that they can present a meritorious defense and show that Plaintiff would not be prejudiced by setting aside the judgment, their motion is untimely. *See Park Corp.*, 812 F.2d at 896.

Defendants must show that they filed the Rule 60(b) motion "within a reasonable time." Rule 60(c)(1). As previously noted, under the excusable neglect rationale, this may be no longer than one year after the entry default judgment, but "[t]o be sure, the one-year limit is an *outer* limit of what may be timely." *United States v. Williams*, 56 F.4th 366, 370 (4th Cir. 2023) (emphasis in original). Indeed, the Fourth Circuit has upheld the denial of Rule 60(b) motions that were filed as short as two to four months after the entry of judgment where "no valid reason [was] given for the delay." *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) (three-and-a-half months); *see also Cent. Operating Co. v. Util. Workers of Am., AFL-CIO*, 491 F.2d 245, 253 (4th Cir. 1974) (four months); *Wagman Const. Corp.*, 383 F.2d at 251 (two-and-a-half months).

The pending motion was filed eleven months after the issuance of Judge Numbers' M&R and nearly nine months after the entry of default judgment. *See* [DE 48]; [DE 49]; [DE 53]. Defendants claim, however, not to have been aware of these orders until April 2024, when the individual Defendants received notice of the default judgment. [DE 52] at 11; Rouse Aff. [DE 52-5] at ¶ 18; Avery Aff. [DE 52-6] at ¶ 18. The court takes this assertion at face value, but even still, Defendants waited between five and six months to file their Rule 60(b) motion, and they do not

5

provide a sufficient explanation as to why. Instead, they argue that finding their motion untimely would

> ignore the practicalities of (1) receiving notice, (2) contacting their attorney to find out what happened, (3) allowing the attorney time to find out what happened, (4) offering an explanation to the clients, (5) the clients terminating the attorney, (6) the clients hiring new counsel to represent them, and (7) new counsel assigned by the professional liability appearing, reviewing available materials and filing the instant matter.

[DE 57] at 2–3. The court is familiar with the mechanics of federal litigation, and it finds that in this instance, a five-month delay was unreasonable. While Defendants certainly would have required time to investigate the circumstances surrounding their default, the explanation first offered by Mr. Corrigan was relatively simple and would not have necessitated much further fact-finding. Both Mr. Rouse and Mr. Avery state in an affidavit that upon learning of the default judgment, they contacted Mr. Corrigan for an explanation. Rouse Aff. [DE 52-5] at ¶ 18; Avery Aff. [DE 52-6] at ¶ 18. They further state that "[h]e got back to [them] shortly thereafter" and explained that all email notifications from CM/ECF had been screened and sent directly to his spam folder. *Id.*; Corrigan Aff. [DE 52-4] at ¶ 6. Having established that these developments occurred relatively quickly after Defendants' discovery of the default judgment, the court finds it was not reasonable to take an additional five months to enlist new counsel and write a Rule 60(b) motion. Accordingly, Defendants' motion is not timely, and they do not qualify for relief under Rule 60(b). *See Park Corp.*, 812 F.2d at 896.

Alternatively, the court finds that Defendants have not made a requisite showing for relief under Rule 60(b)(1).

6

## A.    Rule 60(b)(1)

Defendants initially invoked Rule 60(b)(1) and argued that Mr. Corrigan's neglect was excusable because technical problems prevented CM/ECF notifications from being delivered to his email inbox.

The term "neglect," as used in Rule 60(b)(1), includes 'inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond [a] party's control." *Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (quoting *e.spire Commcn's, Inc. v. CNS Commcn's*, 39 F.App'x. 905, 912 n.7 (4th Cir. 2002)). To determine whether neglect is "excusable," courts conduct an "equitable inquiry, taking account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (internal quotations and brackets omitted) (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996)). The most important of these factors, however, is the reason for delay. *Id.*

Though this inquiry is flexible, relief under Rule 60(b) is generally inappropriate "when the sole reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment." *Woody v. Nance*, 108 F.4th 232, 238 (4th Cir. 2024) (quoting *Hensley v. Chesapeake & O. Ry. Co.*, 651 F.2d 226, 227–29 (4th Cir. 1981)). And though this presumption may be overcome upon a showing of "exceptional or unique circumstances[,]" *Woody*, 108 F.4th at 238 (quoting *Hensley*, 651 F.2d at 227), "a lawyer's ignorance or carelessness do not [otherwise] present cognizable grounds for relief under Rule 60(b)." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (internal brackets omitted) (quoting *Evans v. United Life &*

7

*Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989)). This is so because "[c]lients may be held

accountable for their attorney's acts and omissions." *Pioneer Inv. Serv's Co. v. Brunswick Assoc's

Ltd. P'ship*, 507 U.S. 380, 381 (1993); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962)

("Any other notion would be wholly inconsistent with our system of representative litigation, in

which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice

of all facts, notice of which can be charged upon the attorney.'").[1]

　　In *Robinson*, the Fourth Circuit confronted an argument similar to the one advanced now:

a party moved for relief from judgment under Rule 60(b)(1), alleging that their attorney did not

receive notice of a motion through CM/ECF because his computer was experiencing numerous

technical problems that caused him not to receive certain emails. 599 F.3d at 406. The Fourth

Circuit held that this was not excusable under Rule 60(b)(1). *Id.* at 413. It reasoned that because

counsel was aware that he had been experiencing technical difficulties and that dispositive motions

deadlines were fast approaching, "he should have regularly accessed the court's docket to monitor

case activity, notified the court and opposing counsel of his computer problems, or found another

---

[1] Defendants have cited to several Fourth Circuit cases for the proposition that a client qualifies
for relief under Rule 60(b) when their default is occasioned by their attorney's negligence. [DE
52] at 3; *see Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997) ("We stated that when a
party is blameless and the attorney is at fault, the court's interest in reaching the merits controls
and a default judgment should ordinarily be set aside. That is, when the party is blameless, his
attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1).")
(cleaned up) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d
808, 811 (4th Cir. 1988)). These holdings are difficult to reconcile with the Fourth Circuit's
decision in *Evans* (which was decided before *Augusta*) and *Robinson* (which was decided after),
both of which explicitly teach that an attorney's negligence is a non-cognizable basis for relief
under Rule 60(b)(1). Notably, the Fourth Circuit has not cited *Augusta* in a published opinion in
support of this blameless-client principle since 1997. *See Heyman*, 116 F.3d at 94. In light of the
Supreme Court's decisions in *Link* and *Pioneer Investment Services*, which recognized that a client
"cannot . . . avoid the consequences of the acts or omissions of [his] freely selected agent," *Link*,
370 U.S. at 633, and the Fourth Circuit's decision in *Robinson*, which wrestled with nearly
identical facts to the ones this court now considers, the court declines to apply the blameless-agent
principle.

8

way to stay informed regarding any developments in the case[.]" *Id.* Because he did none of those things, his neglect was inexcusable. *Id.*

The Fourth Circuit's holding in *Robinson* squarely governs this case. Mr. Corrigan's "carelessness" in not accessing the court's online docket, despite not having received electronic notifications in over a year, does not entitle Defendants to relief. *See Robinson*, 599 F.3d at 413. Defendants resist this conclusion, arguing that unlike the attorney in *Robinson*, Mr. Corrigan had "no prior notice" that he was not receiving notifications. [DE 52] at 7. This, as Defendants later concede, is demonstrably false. Mr. Spanner communicated with Mr. Corrigan numerous times concerning court orders after Mr. Corrigan reportedly began to experience technical difficulties with his email.

- First, on March 9, 2023, Mr. Spanner sent Mr. Corrigan an email stating, "[b]y now I'm sure you've seen that the court entered its order on our motion to dismiss yesterday." [DE 56-2]. Mr. Spanner stated that the same day, the pair spoke by phone regarding the court's order. Aff. [DE 56-1] at ¶ 9.

- Second, on March 16, 2023, Mr. Spanner sent Mr. Corrigan an email with a proposed Rule 26(f) report. [DE 56-3] at 3. Four days later, Mr. Corrigan responded that he would review the report, and after a brief back-and-forth, he gave his approval and stated, "yes—please file the 26(f)." [DE 56-4] at 2–4.

- Finally, on March 31, 2023, Mr. Spanner forwarded Mr. Corrigan a CM/ECF notification generated by the court's March 23, 2023, Notice to Counsel, soliciting preferences regarding the selection of a mediator. [DE 56-5] at 3–5. On April 11, 2023, Mr. Corrigan provided the names of two of his preferred candidates. *Id.* at 2.

If, in fact, Mr. Corrigan was not receiving CM/ECF notifications, these communications establish that he should have been aware of it, as he was explicitly discussing developments that occurred *after* his email service provider changed. Further, by approving the filing of the Rule 26(f) report, and appending his electronic signature, Mr. Corrigan should have been aware of the deadlines contained therein, namely, that initial disclosures were required to be made by April 21, 2023. *See* [DE 35] at 1–2. By this deadline, Mr. Corrigan had ceased responding to Mr. Spanner, but the emails show that Mr. Corrigan knew that the case was not dormant. In sum, Mr. Corrigan was on notice of the alleged technical difficulties, and yet, he took no remedial measures to monitor the docket for more than a year. This "calculated decision" is wholly inexcusable, and it does not provide a basis for relief under Rule 60(b)(1). *See Robinson*, 599 F.3d at 413.

### B.    Rule 60(b)(6)

Recognizing this, Defendants have pivoted and now seek relief under Rule 60(b)(6), arguing that Mr. Corrigan's "gross negligence" constitutes grounds for relief from judgment. [DE 56] at 6.

This district's local rules permit the filing of reply briefs, but only for the purpose of responding "to matters initially raised in a response to a motion." Local Civil R. 17.1(g)(1). As such, the court "has ample authority to strike arguments made for the first time in a reply brief." *Penguin Restoration v. Nationwide Mut. Ins., Co.*, No. 5:13-cv-63-BO, 2014 WL 715123, at *2 (E.D.N.C. Feb. 21, 2014); *see also L.P. by and through J.P. v. Wake Cnty. Bd. of Educ.*, No. 5:20-cv-481-BO, 2021 WL 5936219, at *2 (E.D.N.C. Dec. 15, 2021) (refusing to consider a novel argument that was was not raised in the motion).

Defendants initially only moved under Rule 60(b)(1). *See* [DE 53] at 1. They did not seek relief under Rule 60(b)(6) until their reply brief, after Plaintiff provided evidence that seriously

10

undermined Defendants' argument. *See* [DE 57] at 6 ("Plaintiff's response suggests that Rule 60(b)(6) is the more appropriate basis" for relief.). As such, this novel argument is improperly before the court. *See Penguin Restoration*, 2014 WL 715123, at *2. The court therefore declines to consider it without prejudice to the ability of Defendants to raise the argument in a properly filed motion.

## IV. Conclusion

Defendants' motion is untimely, and they have not made an adequate showing for relief from judgment, so their motion must be denied. *See Park Corp.*, 812 F.2d at 896. But they are not left without a remedy. "Where damages are inflicted upon innocent clients by other professionals, such as doctors or dentists, the remedy is a suit for malpractice." *Universal Film Exchs., Inc.*, at 577. "The same is true where damage is inflicted upon a client though an attorney's professional negligence." *Id.*

For the aforementioned reasons, Defendants' Motion for Relief from Judgment [DE 53] is DENIED.

SO ORDERED this ___2<sup>d</sup>___ day of May, 2025.

Richard E. Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

11